UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON WASHINGTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-1091-ACA-GMB |
| ) | |
| STEVE MARSHALL, *et al.*, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner Brandon Washington, a state prisoner serving a sentence of life without the possibility of parole, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus, asserting that trial counsel provided ineffective assistance by failing to convey a favorable plea offer to Mr. Washington during his capital murder trial. The magistrate judge entered a report recommending the court deny the petition because the state habeas appellate court's rejection of this claim on the performance prong was not based on an unreasonable determination of the facts. (Doc. 50 at 17–19). The magistrate judge also recommended denying Mr. Washington a certificate of appealability. (*Id.* at 20). Mr. Washington objects to the conclusion that the state habeas court's factual determination was reasonable, to the magistrate judge's decision to reject his claim only on the performance prong, to the lack of an evidentiary hearing, and to the denial of a certificate of appealability. (Doc. 53).

After *de novo* consideration of Mr. Washington's objections, the court **SUSTAINS** Mr. Washington's objection to the failure to address the prejudice prong. However, having addressed the prejudice prong, the court concludes that the state courts' rejection of his claim based on his failure to prove prejudice was reasonable. The court therefore does not need to address the performance prong and **FINDS AS MOOT** Mr. Washington's objections to the analysis of that prong. The court **WILL DENY** Mr. Washington's § 2254 petition. The court therefore **OVERRULES** Mr. Washington's objection to the lack of an evidentiary hearing. However, the court **SUSTAINS** Mr. Washington's objection to the denial of a certificate of appealability.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") strictly limits the circumstances under which a federal court can grant habeas relief on a claim that a state court has adjudicated on the merits:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Mr. Washington does not contend that the state court decision was contrary to, or an unreasonable application of, federal law; his claim centers on the argument that the findings of fact on which the state courts based their rejection of his claim were unreasonable in light of the evidence presented to them. (*See* Doc. 31 at 12–35). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010); *see also id.* ("[E]ven if reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (cleaned up). "The standard is demanding but not insatiable; . . . deference does not by definition preclude relief." *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (cleaned up).

The report and recommendation accurately summarized the law governing claims of ineffective assistance of counsel relating to an attorney's duty to convey plea offers to the defendant. (Doc. 50 at 14–16). Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a habeas petitioner claiming ineffective assistance of counsel must establish both that his attorney performed deficiently and that the deficient performance prejudiced his defense. An attorney performs deficiently by failing to inform a defendant about favorable plea offers, and a habeas petitioner must establish a "reasonable probability" that, had he known of the offer, he would have accepted it. *Missouri v. Frye*, 566 U.S. 134, 145, 147 (2012). In addition, a

habeas petitioner must show that "if the prosecution had the discretion to cancel [the plea offer] or if the trial court had the discretion to refuse to accept it, there is a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented." *Id.* at 148.

The record is clear that while Mr. Washington was on trial for capital murder, the State offered him a sentence of life with the possibility of parole. (Doc. 35-6 at 102–03; Doc. 35-29 at 25–26; *see also* Doc. 31 at 5). Trial counsel explained to the state trial court, in Mr. Washington's presence, that Mr. Washington rejected the offer because "he didn't do it. He is saying he is not guilty." (Doc. 35-6 at 103). The record does not reflect any other plea offers.

During Mr. Washington's state habeas trial court proceedings, the State revealed that during the trial it also made Mr. Washington's attorney an offer for a thirty-year sentence in exchange for Mr. Washington's guilty plea. (Doc. 35-28 at 7). At the state habeas trial court's direction, the prosecutor submitted an affidavit attesting that he made an offer for "a term of less than a life sentence," but that trial counsel, "at [Mr. Washington]'s direction, rejected the offered plea agreement." (Doc. 35-29 at 31). Trial counsel submitted an affidavit attesting that he conveyed the thirty-year offer to "Brandon Washington and his Grandmother," but Mr. Washington refused the offer. (*Id.* at 30). And Mr. Washington's grandmother submitted an affidavit attesting that although she was present when trial counsel

4

conveyed the mid-trial offer of life imprisonment, she "never heard [trial counsel] mention any plea offer other than for life in prison." (*Id.* at 25–26). The State "agree[d] to stipulate for the [state court] to consider the content of [Ms. Washington's] [a]ffidavit as true."[1] (*Id.* at 27).

Based only on these affidavits, the state habeas trial court rejected Mr. Washington's claim of ineffective assistance. (Doc. 35-27 at 27–29). The state habeas trial court determined that Mr. Washington had not established deficient performance because trial counsel's and the prosecutor's affidavits established that Mr. Washington received and rejected the plea offer. (*Id.* at 28). The trial court also determined that Mr. Washington had not established prejudice because (1) Mr. Washington's insistence "he didn't do it," in addition to the lack of a "significant difference" between a sentence of thirty years and a sentence of life with the possibility of parole, meant he would not have accepted the plea offer; and

---

[1] The State agreed to this stipulation to avoid deposing Ms. Washington. (*See* Doc. 35-27 at 11; Doc. 35-29 at 27). The State now contends it could not have stipulated to the truth of Ms. Washington's affidavit because the attorney representing the State in the habeas proceeding did not represent the State in the criminal proceeding, so its stipulation was only to the fact that the affidavit was an affidavit. (Doc. 35 at 65) ("The only thing [the State's attorney] could stipulate was that it was true that the contents of the affidavit were the averments of Washington's grandmother and they could be considered as such."). This position is directly at odds with the State's previous representations to the state court. The State's stipulation to the trial court clearly states that the State stipulated to the truth of Ms. Washington's averments. (Doc. 35-29 at 27). Moreover, it is clear the state courts accepted the stipulation as going to the truth of Ms. Washington's averments. (*See* Doc. 35-27 at 27 (state habeas trial court stating that Ms. Washington's "affidavit was stipulated as true by the attorneys"); Doc. 35-33 at 28 n.5 (state habeas appellate court stating that "[t]he parties stipulated that the content of Ms. Washington's affidavit was true.").

5

(2) Mr. Washington had not established that the trial court would have accepted the plea agreement. (*Id.* at 28–29).

On appeal, the state habeas appellate court concluded that Mr. Washington "failed to prove his claim that counsel rendered deficient performance under *Frye*" because the affidavits from trial counsel and the prosecutor were sufficient to establish that "defense counsel did in fact communicate a 30-year plea deal to Washington that he rejected." (Doc. 35-33 at 31). The appellate court determined that even accepting Ms. Washington's affidavit as true did not "rule out the possibility that Washington may have chosen not to tell her about the [thirty-year] offer" because she stated only that "*she* 'never heard [trial counsel] mention any plea offer other than for life in prison." (*Id.* at 30) (emphasis in original) (quoting Ms. Washington's affidavit). The appellate court also acknowledged the state trial court's findings about prejudice three times, without any evident disapproval. (Doc. 35-33 at 30 (quoting the state habeas trial court's findings); *id.* (reiterating the state habeas trial court's findings); *id.* at 31 (mentioning one of the state habeas trial court's findings)).

To prevail on an ineffective assistance claim, a habeas petitioner must establish both deficient performance and prejudice. *Strickland*, 466 U.S. at 687. Although Mr. Washington objects to the magistrate judge's recommendation with respect to the performance prong, this court need not address the performance prong

6

because even assuming the state habeas appellate court's factual finding on the performance prong was unreasonable under § 2254(d)(2), the state courts reasonably found that Mr. Washington had not proved the facts necessary to prevail on the prejudice prong.

Mr. Washington contends that the court does not have to defer to the state habeas trial court's findings on the prejudice prong because the state habeas appellate court made its decision based only on the performance prong and did not address prejudice. (Doc. 31 at 30–31). Eleventh Circuit precedent holds that where a state appellate court clearly indicates that its ruling rests on only one of *Strickland*'s prongs, the court reviews the unaddressed prong *de novo*. *Knight v. Fla. Dep't of Corr.*, 958 F.3d 1035, 1045–46 & n.3 (11th Cir. 2020); *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 929–30 & n.9 (11th Cir. 2011). But in this case, it is not clear that the state habeas appellate court's decision was based only on the performance prong. The final few sentences of the appellate court's decision addressed only the performance prong: "Washington failed to prove his claim that counsel rendered deficient performance under *Frye*. A petitioner must meet both prongs of *Strickland*, i.e., deficient performance and prejudice, in order to prove a claim that counsel was ineffective. Accordingly, Washington failed to meet his burden of proof and the trial court was correct to deny this claim." (Doc. 35-33 at 31). But the court also repeatedly acknowledged the state habeas trial court's findings on the prejudice

7

prong, as well as the requirements necessary to establish prejudice under *Frye*, and it did so without any apparent disapproval or disavowal of those findings. (*Id.* at 30–31).

"[W]here a state trial court rejects a claim on one prong of the ineffective assistance of counsel test and the state [appellate] court, without disapproving that holding, affirms on the other prong, both of those state court decisions are due AEDPA deference." *Hammond v. Hall*, 586 F.3d 1289, 1332 (11th Cir. 2009); *see also Loggins v. Thomas*, 654 F.3d 1204, 1217 (11th Cir. 2011) ("Our case law also makes clear that we accord AEDPA deference not only to the adjudications of state appellate courts but also to those of state trial courts that have not been overturned on appeal."). "In deciding to give deference to both decisions, the critical fact to us is that the [state appellate court] does not appear to have disagreed with the trial court's decision on the deficiency element. The court could have easily expressed its disagreement, if any, but it did not do so." *Hammond*, 586 F.3d at 1331.

Just as in *Hammond*, the state habeas appellate court did not expressly disagree with the state habeas trial court's decision on the prejudice prong. Accordingly, the court must use § 2254(d)(2) deference in reviewing the state habeas trial court's factual findings with respect to prejudice. The state habeas trial court found that Mr. Washington had not established he would have accepted the thirty-

8

year offer or that the state trial court would have accepted the plea agreement.  (Doc. 35-27 at 28–29).  Neither of these factual determinations are unreasonable.

Notably, the judge who presided over the criminal proceeding also presided over the state habeas proceeding.  (*See* Doc. 35-6 at 1; Doc. 35-27 at 19).  In finding Mr. Washington would not have accepted the thirty-year offer, she described her recollection, supported by the record, of Mr. Washington "standing in the open court with his attorney, the prosecutor, the victim's family and the press," while his attorney rejected an offer of life imprisonment because "he didn't do it."  (Doc. 35-27 at 27–28).  This is an implicit credibility determination, which the state court is empowered to make, about the truth of Mr. Washington's assertion that he would have accepted the offer.  *Nejad v. Att'y Gen., Ga.*, 830 F.3d 1280, 1292 (11th Cir. 2016) ("Federal habeas courts have no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.") (quotation marks omitted).

Mr. Washington contends that his declaration of innocence does not prove he would have rejected the offer.  (Doc. 31 at 20).  While it is true an innocent defendant may choose to plead guilty in exchange for a favorable enough plea offer, in this case the state habeas trial court expressly found Mr. Washington had not carried his burden of proving that he would have accepted the offer.  And the cases on which he relies to cast doubt on the state court's findings are both non-binding and

distinguishable. Two of the cases involved a federal prisoner's motion to vacate sentence, brought under 28 U.S.C. § 2255, and therefore did not involve any state court factual findings or the deference required by § 2254(d)(2). *See Griffin v. United States*, 330 F.3d 733, 734 (6th Cir. 2003) (addressing a claim brought by a federal prisoner under 28 U.S.C. § 2255); *Lalani v. United States*, 315 F. App'x 858, 859 (11th Cir. 2009) (same). The only case on which he relies that involved a state court factual finding is an unpublished, extracircuit case. *See Banks v. Vannoy*, 708 F. App'x 795 (5th Cir. 2017).

Even if *Banks* were precedential, it would be distinguishable. In *Banks*, the state habeas trial court found, without the benefit of any affidavits, any evidentiary hearing, or any indication that the same judge presided over both proceedings, that the mere fact the defendant had asserted his innocence proved he would not have agreed to plead guilty regardless of the effect the offer would have on his sentence. 708 F. App'x at 797. But in this case, the judge who made the challenged factual finding presided over both the criminal trial and the habeas proceeding. She expressly recalled Mr. Washington's demeanor when he rejected a mid-trial offer for life with the possibility of parole, which carried with it the possibility that he could be released on parole after serving fifteen years of the sentence. *See* Ala. Code § 15-22-28(e)(2). In these circumstances, the court cannot find the state habeas trial court's factual determination unreasonable.

The same analysis applies to the state habeas trial court's factual determination that it would not have accepted a plea agreement for a thirty-year sentence. In Alabama, "the trial court is not bound to accept an agreement between the defense and prosecution." *Ex parte Yarber*, 437 So. 2d 1330, 1336 (Ala. 1983). The judge who presided over the criminal trial was in the best position to answer whether she would have accepted a plea agreement for thirty years in this capital murder case. She explained that she would not have accepted the agreement. (Doc. 35-27 at 29). This court cannot find that factual determination unreasonable.

The state habeas trial court made reasonable factual determinations on which it based its rejection of Mr. Washington's ineffective assistance claim, and the state habeas appellate court left those factual determinations in place. Accordingly, the state court's adjudication of Mr. Washington's claim did not "result[ ] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The court must deny Mr. Washington's § 2254 petition. *See id.* § 2254(d).

Mr. Washington also objects to the magistrate judge's recommendation not to hold an evidentiary hearing. (Doc. 53 at 12–13; Doc. 31 at 36–37). A federal district court has discretion to hold an evidentiary hearing in a habeas case if "such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S.

11

465, 474 (2007). That is not the case here. The state courts' factual findings on the prejudice prong preclude habeas relief. *See id.* ("Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate. It follows that if the record . . . precludes habeas relief, a district court is not required to hold an evidentiary hearing."). Accordingly, an evidentiary hearing would serve no purpose. The court **OVERRULES** this objection.

Mr. Washington's final objection is to the denial of a certificate of appealability. (Doc. 53 at 13–14). The court must grant a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that petitioner will not prevail." *Buck v. Davis*, 137 S. Ct. 759, 774 (2017). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Reasonable jurists could debate the merits of Mr. Washington's claim. Accordingly, the court **SUSTAINS** this objection and **WILL GRANT** a certificate

of appealability on the following question: Whether trial counsel provided ineffective assistance by failing to convey to Mr. Washington a favorable plea offer of thirty years' imprisonment during his capital murder trial.

The court will enter a separate final order.

**DONE** and **ORDERED** this September 27, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE